UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LARRY RAYBURN ANDERSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-03095-SEB-MJD |
| | ) | |
| KILOLO KIJAKAZI Acting Social Security | ) | |
| Commissioner, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

On January 30, 2018, Plaintiff Larry Anderson filed an application with the Social
Security Administration for supplemental security income alleging he had been disabled
since November 23, 2013. The claim was denied initially on April 11, 2018, and again
upon reconsideration on September 18, 2018. Plaintiff then requested a hearing, which
was held on August 7, 2019. The Administrative Law Judge (ALJ) issued a decision on
November 21, 2019, finding that Plaintiff was not disabled within the meaning of the
Social Security Act after the date his application was filed, January 30, 2018. Plaintiff
requested review of the Administrative Law Judge's decision. On August 10, 2020, the
Social Security Appeals Council sent a notice of its decision that the Plaintiff's objection
to the ALJ's decision did not suffice as a basis for changing the ALJ's decision. The
notice also informed Plaintiff of his right to commence a civil action within sixty days
from the date the notice was received by Plaintiff.

1

On October 7, 2020, Plaintiff requested an extension of time to file a civil action. On November 17, 2021, the Appeals Council granted an extension of Plaintiff's time to file a civil action of 30 days from the date Plaintiff received the letter. As provided in 20 C.F.R. §§ 404.901 and 422.210(c), that letter stated that the date of receipt would be presumed to be within 5 days of its date of issuance, or no later than November 22, making his extended filing deadline no later than December 22, 2021. On December 27, 2021, Plaintiff filed a complaint in this court against Defendant Dr. Kilolo Kijakazi, the Acting Commissioner for the Social Security Administration. On February 25, 2022, Defendant moved to dismiss the complaint based on Plaintiff's untimely filing, but Defendant's motion to dismiss did not comply with our local rules. On March 21, 2022, Defendant again moved to dismiss the complaint based on Plaintiff's untimely filing, this time in compliance with our local rules. Plaintiff, proceeding *pro se*, has not responded to either motion. We now consider Defendant's second Motion to Dismiss.

The Social Security Act provides that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). The Social Security provides for judicial review of any final decision of the Commissioner of Social Security made after a hearing, if the individual commences a civil action within sixty days of receiving notice of such decision, or within such further time as the Commissioner of Social Security may allow. 42 U.S.C. § 405(g). This sixty-day requirement is "not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). This sixty-day statute of limitations is "a condition on the

2

waiver of sovereign immunity and thus must be strictly construed." *Id.* at 479. "In addition to serving its customary purpose, the statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Id.* at 481. "Thus, the limitation serves both the interest of the claimant and the interest of the Government." *Id.* However, this sixty-day limit may be tolled either by the Commissioner in her discretion, or by a court's application of "traditional equitable tolling principle[s]." *Id.* at 480. Tolling by a court is appropriate only "in the rare case," such as when "the Government's secretive conduct prevents plaintiffs from knowing of a violation of rights." *Id.* at 481.

Here, Plaintiff has filed no response to Defendant's Motion to Dismiss nor provided any other explanation in his complaint for his belated filing. While we generally allow *pro se* litigants such as Plaintiff some leniency, the "court is not to become an advocate." *Donald v. Cook Cty. Sherriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). "District judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Indeed, "the Constitution [does not] require[] judges to take over chores for a *pro se* [litigant] that would normally be attended to by trained counsel." *McKaskle v. Wiggins*, 465 U.S. 168, 183−184 (1984). "[C]alculating statutes of limitations are tasks normally and properly performed by trained counsel as a matter of course." *Pliler*, 542 U.S. at 231. "Requiring district courts to advise a *pro se* litigant in such a manner would undermine district judges' role as impartial decisionmakers." *Id.* In sum, it is not the court's role to make arguments on Plaintiff's behalf explaining why his

is the "rare case" deserving of equitable tolling, thus, Defendant's Motion to Dismiss based on Plaintiff's untimely filing must be granted. *Bowen*, 476 U.S. at 481.

Accordingly, we **GRANT** Defendant's Motion to Dismiss [Docket No. 9] for untimely filing and **DISMISS** Plaintiff's Complaint [Docket No. 1] with prejudice. It would be futile to allow Plaintiff an opportunity to amend because this is a matter of statute of limitations, and Plaintiff made no attempt to explain his belated filing to the court. Defendant's initial Motion to Dismiss [Docket No. 8] is also **DENIED** as moot.

IT IS SO ORDERED.

Date:      9/8/2022

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LARRY RAYBURN ANDERSON, JR.
3168 W. St. Hwy. 46
Spencer, IN 46460

Jane Kuczek
Social Security Administration
jane.kuczek@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov

4